NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GRICELDA NEREYDA ARELLANO
RODRIGUEZ; CLAUDIA YARELI RIOS
ARELLANO,

No.    18-72735

Agency Nos.    A206-268-456
                       A206-268-457

            Petitioners,

   v.

MEMORANDUM*

WILLIAM P. BARR, Attorney General,

            Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 24, 2020**
San Francisco, California

Before:  GOULD, CHRISTEN, and BRESS, Circuit Judges.
Concurrence by Judge BRESS

        Gricelda Arellano Rodriguez (Arellano) and her daughter, Claudia Yareli

Rios Arellano, petition for review of the decision of the Board of Immigration

Appeals (BIA) dismissing their appeal of the Immigration Judge's (IJ) decision

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying their claims for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

Where the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, "our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (quotations omitted). Reviewing questions of law *de novo* and factual findings for substantial evidence, *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc), we grant the petition for review.

Arellano is a native and citizen of Mexico. In Mexico, she lived with her partner Jose Ancelmo Rios. Rios physically abused Arellano and forced her to have sex with him. Arellano and her daughter fled Rios, entered the United States, and sought asylum and withholding of removal based on Arellano's membership in the particular social group of "Mexican women who cannot leave a domestic relationship," or, in the alternative, "Mexican women who are viewed as property by their domestic partners." Arellano's daughter is a derivative applicant.

The BIA did not analyze Arellano's proposed social groups. Instead, the BIA summarily concluded that in light of *Matter of A-B-*, 27 I. & N. Dec. 316, 334–35 (A.G. 2018), Arellano's proposed social groups were not "legally cognizable" because they "do not 'exist independently of the harm asserted' as required for a group to be a cognizable particular social group." *Matter of A-B-* requires a

2

"rigorous analysis . . . in determining asylum claims, especially where victims of private violence claim persecution based on membership in a particular social group." *Id.* at 340. Pursuant to our opinion in *Diaz-Reynoso v. Barr*, No. 18-72833, — F.3d — (9th Cir. 2020), we grant the petition for review and remand to the BIA for further consideration of the petitioners' asylum and withholding claims.

**PETITION GRANTED.**

*Arellano Rodriguez v. Barr*, No. 18-72735

Bress, Circuit Judge, concurring in the judgment:

For the reasons stated in my dissenting opinion in *Diaz-Reynoso v. Barr*, No.

18-72833, — F.3d — (9th Cir. 2020), I believe the petition for review in this case

also should be denied. But because *Diaz-Reynoso* is now circuit precedent, under

*Diaz-Reynoso* I am compelled to grant the petition in this case.